UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.*, ) <br> LEONARD ANTHONY SETTLES II, and ) <br> LEONARD ANTHONY SETTLES II ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL HEALTH SERVICES, INC., ) <br> PREMIER BEHAVIORAL SOLUTIONS, ) <br> INC., TBJ BEHAVIORAL CENTER, LLC, ) <br> all d/b/a RIVER POINT BEHAVIORAL ) <br> HEALTH, HENRY LEPELY, M.D., ) <br> PAUL FERRIS RASHID, M.D., ) <br> ROXANNE CHARBONEAU, ) <br> JOHN DOES 1-5, and ) <br> JANE DOES 1-5, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO: 3:16cv-00001-TJC-JRK |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, HENRY LEPELY, M.D.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATED MOTION TO STRIKE**

Plaintiff, LEONARD ANTHONY SETTLES II (hereinafter "Plaintiff"), files his response in opposition to Defendant's, HENRY LEPELY, M.D. (hereinafter "Defendant"), Motion to Dismiss Plaintiff's Complaint, Motion for More Definite Statement and Incorporated Motion to Strike. In support thereof, Plaintiff states and alleges as follows:

**INTRODUCTION**

In response to Plaintiff's Amended Complaint (Doc. 8), Defendant filed his Motion to Dismiss. (Doc. 13). The Motion raises various arguments as to why Plaintiff's Amended Complaint should be dismissed, including that: (i) Plaintiff has failed to allege separate

counts for each defendant; (ii) Plaintiff's claims are based on medical negligence and Plaintiff, therefore, was required to comply with the requirements of Chapter 766, Florida Statutes; (iii) Plaintiff has failed to state a cause of action for false imprisonment; (iv) Plaintiff has failed to state a cause of action for deprivation of civil rights under 42 USC 1983; (v) Plaintiff has no standing to sue under Florida Statute § 772.103; (vi) Plaintiff has not alleged fraud with the necessary particularity; and (vii) paragraph 70 should be stricken as there is no right to plead a claim for punitive damages pursuant to Florida Statute § 772.104. As demonstrated below, a number of Defendant's arguments are without merit. For the reasons set forth herein, Defendant's Motion to Dismiss should be denied.

### STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). The scope of review must be limited to the four corners of the complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228 (11th Cir. 2000). Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed if it "fail[s] to state a claim upon which relief can be granted." In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement and should not be an onerous burden. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

A plaintiff has an obligation to provide the grounds for his or her entitlement to relief which does require more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). However, a Plaintiff is not required to provide tedious detailed allegations nor plead every fact necessary to sustain Plaintiff's burden. See *Twombly* at 555 and n.3; see also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-1951 (2009). Plausibility is not equated to likelihood of success and it is not the Court's role to weigh its subjective assessment of whether the pleader will ultimately be successful. *Aktieselskabet AF 21 Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008); see also, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008). "[W]hen a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to evidence to support the claims." *Talib v. Skyway Commc'ns Holding Corp.*, No. 8:05-CV-282, 2005 WL 1610707 *3 (M.D. Fla. July 7, 2005).

**LEGAL ARGUMENT**

I. <u>**Plaintiff has met his burden of pleading.**</u>

In his Motion, Defendant contends that Plaintiff's Amended Complaint should be dismissed because Plaintiff has not plead separate counts for each Defendant. Plaintiff believes that he has sustained his burden of pleading as outlined above. The actions of the Defendants in this matter are so intertwined that Plaintiff felt that separate counts would

simply be repetitive; Plaintiff makes it clear in the "Factual Allegations" section of Plaintiff's Amended Complaint exactly what he intends to prove against each of the separate Defendants. As a result, Defendant has been reasonably informed of what Plaintiff intends to prove against Defendant such that he is able to formulate an appropriate response and accurate defenses.

In the event the Court disagrees with Plaintiff, Plaintiff requests leave to amend his Amended Complaint.

**II.     Plaintiff is not required to comply with the pre-suit requirements of Chapter 766, Florida Statutes.**

In his Motion, Defendant contends that Plaintiff's Amended Complaint should be dismissed because Plaintiff has not complied with the pre-suit requirements of Chapter 766, Florida Statutes. Despite Defendant's arguments, Plaintiff's claim is not one for medical negligence, but, rather, an intentional tort leading to fraud. The Eleventh Circuit certified a question to the Florida Supreme Court in *J.B. v. Sacred Heart Hosp. of Pensacola* regarding whether the facts in that case required compliance with the pre-suit requirements of Chapter 766. 635 So. 2d 945 (Fla. 1994). While the case was related to the rendering of medical services and the defendant was a hospital, the court determined that the claim was not one for medical negligence as it did not "aris[e] out of the rendering of, or the failure to render, medical care or services." *Id.*; Sec. 766.106(1)(a), Fla. Stat.

As the Florida Second District Court of Appeals stated, "[n]ot everything wrongful act by a healthcare provider amounts to medical malpractice." *Lilies v. P.I.A. Medfield, Inc.*, 681 So. 2d 711 (Fla. 2d DCA 1995). The *Lilies* case involved facts similar to this case, in which the Plaintiff alleged a false imprisonment cause of action based on failure to comply

with the involuntary commitment provisions of the Baker Act, Chapter 394, Florida Statutes. After pointing out that "[a] claim for the tort of false imprisonment can be asserted based on allegations that a person was involuntarily held without compliance with the Baker Act. *See Everett v. Florida Institute of Technology*, 503 So. 2d 1382 (Fla. 5th DCA 1987)," the court found that "[a]fter examining the provisions of the Baker Act, we conclude that its involuntary commitment procedures do not involve the rendering of medical care or services." *Lilies*, 681 So. 2d at 712. As a result, the *Lilies* court determined that the complaint in that matter was dismissed in error on the basis of Plaintiff's failure to comply with Chapter 766, Florida Statutes. *Id.*

Likewise, in *Stackhouse v. Emerson*, 611 So. 2d 1365 (Fla. 5th DCA 1993), the court found that Plaintiff's claims of conspiracy, fraud, theft, false imprisonment, violation of medical or civil rights, and intentional infliction of emotional distress were not claims of medical malpractice, but rather "independent intentional acts." The court went on to state that the claims do not arise from a "consensual or otherwise legitimate health care provider/patient relationship." *Id.* at 1366. *See also St. Vincent's Medical Center v. Oakley*, 371 So. 2d 590 (Fla. 1st DCA 1979).

Similarly, in this case, Plaintiff's claim does not arise out of the rendering of, or the failure to render, medical care and services. Rather, Plaintiff claims that Defendant committed an intentional tort in falsely imprisoning him as part of a larger scheme to commit fraud to the financial benefit of Defendants. The "examination" performed by Defendant was merely part of Defendant going through the motions required by the Baker Act in order to involuntarily confine Plaintiff and, ultimately, to obtain payment from his insurance

carrier. No legitimate health care provider/patient relationship existed between Plaintiff and Defendant. Defendant's actions, therefore, did not consist of any medical care or services. As such, Plaintiff is not required to comply with the pre-suit requirements of Chapter 766, Florida Statutes.

In the event the Court disagrees that Plaintiff is not required to comply with the pre-suit requirements of Chapter 766, Florida Statutes, Plaintiff requests that the Court abate this action while Plaintiff complies with Chapter 766, rather than dismissing this action.

**III.     Plaintiff has properly stated a cause of action for false imprisonment.**

In his Motion, Defendant contends that Count I of Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to state a cause of action for false imprisonment because Defendant actually performed an "examination" under color of state law. In *Everett v. Florida Institute of Technology*, 503 So. 2d 1382 (Fla. 5th DCA 1987), the Fifth District Court of Appeals held that "[a] claim for the tort of false imprisonment can be asserted based on allegations that a person was involuntarily held without compliance with the Baker Act." Plaintiff claims that Defendant committed an intentional tort in falsely imprisoning him as part of a larger scheme to commit fraud to the financial benefit of Defendants. The "examination" performed by Defendant was merely part of Defendant going through the motions required by the Baker Act in order to involuntarily confine Plaintiff and, ultimately, to obtain payment from his insurance carrier. Plaintiff, therefore, has clearly alleged that Defendant's action amounted to false imprisonment because Defendant (1) unlawfully detained Plaintiff and deprived him of his liberty (2) against his will (3) without legal authority or color of authority (due to Defendant's failure to actually

comply with the requirements of the Baker Act to detain Plaintiff in furtherance of the alleged fraud scheme) and because (4) the detention was unreasonable and unwarranted under the circumstances. It is, therefore, Plaintiff's position that he has stated a cause of action for false imprisonment against Defendant.

In the event the Court disagrees with Plaintiff, Plaintiff requests leave to amend his Amended Complaint.

IV. **Plaintiff has properly stated a cause of action for deprivation of civil rights under 42 USC 1983.**

In his Motion, Defendant contends that Count II of Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to state a cause of action for deprivation of civil rights under 42 USC 1983. Essentially, Defendant argues that Plaintiff has not alleged that Defendant was acting under color of state law and, in doing so, deprived Plaintiff of a right, privilege, or immunity secured by the federal constitution or federal law. This is untrue. First, Plaintiff alleged that in involuntarily confining Plaintiff, Defendant was acting under color of state law, specifically the Baker Act. *See* Amended Complaint, Paragraphs 33 and 34. Second, Plaintiff alleged that in doing so, Defendant deprived Plaintiff of his rights to liberty, to be free from unlawful searches and seizures, and right to due process of law, secured by the Fourth and Fourteenth Amendments to the United States Constitution. *See* Amended Complaint, Paragraph 57. These are clearly rights secured by the federal constitution or federal law. It is, therefore, Plaintiff's position that he has stated a cause of action for deprivation of civil rights.

In the event the Court disagrees with Plaintiff, Plaintiff requests leave to amend his Amended Complaint.

CIVIL ACTION NO: 3:16cv-00001-TJC-JRK

## V.     Plaintiff has standing under Florida Statute § 772.103.

In his Motion, Defendant contends that Count III of Plaintiff's Amended Complaint should be dismissed because Plaintiff does not have standing to sue under Florida Statute § 772.103.  Defendant claims that the proper parties to due Defendant under Florida Statute § 772.103 would be the insurance providers who were defrauded by Defendant.  As Defendant notes in his Motion to Dismiss, Plaintiff alleged a number of predicate acts.  Defendant claims that Plaintiff has failed to show, however, that his injuries were caused by reason of Defendant's fraud scheme.   Defendant's argument is completely untenable in this situation.  Defendant's commission of fraud would not be possible if Defendant did not falsely confine people in order to fraudulently bill their insurance companies.  The predicate acts of fraud and the injury to Plaintiff are part and parcel of Defendant's racketeering activity.  Plaintiff's injury clearly flows from the predicate acts.  It is, therefore, Plaintiff's position that he has clearly shown that he was injured by reason of Defendant's fraud scheme as required by § 772.103 and has standing to sue.

In the event the Court disagrees with Plaintiff, Plaintiff requests leave to amend his Amended Complaint.

## VI.     Plaintiff has alleged fraud with sufficient particularity.

In his Motion, Defendant contends that Count III[1] of Plaintiff's Amended Complaint should be dismissed because Plaintiff does not allege fraud with sufficient particularity.  Plaintiff alleges a number of facts in support of his claim that Defendant has committed

---

[1] This portion of Defendant's Motion refers to Count II of Plaintiff's Amended Complaint, however, as Plaintiff's fraud claim is alleged in Count III, Plaintiff assumes Defendant is actually referring to Count III in this portion of his Motion.

8

fraud.  Plaintiff alleged that "Defendants implemented a scheme of holding patients with health care coverage through private insurance or government funding healthcare programs, without medical justification or longer than necessary under the guise of the Baker Act."  *See* Amended Complaint, Paragraph 19.  Plaintiff also alleges that, after holding patients without medical justification, Defendants discharge patients when their benefits run out, or when the patient obtains legal representation, regardless of their condition.  *See* Amended Complaint, Paragraphs 21 and 22.  Plaintiff also alleges that, specific to this case, Defendants unlawfully and involuntarily confined Plaintiff in order to submit fraudulent claims to Plaintiff's insurance provider.  *See* Amended Complaint, Paragraph 46.  Plaintiff has not yet obtained any discovery from any Defendants which would allow Plaintiff to allege language specifically included in the insurance claims sent to Plaintiff's insurers and those of other patients.

As for Defendant's attack on the fraud claim specifically as it applies to him, Defendant states that Plaintiff's claim "seems to arise out of his examination of the Plaintiff and subsequent assessment that Plaintiff met the criteria for involuntary confinement under the Baker Act."  This is inaccurate.  As stated above, Plaintiff claims that Defendant committed an intentional tort in falsely imprisoning him as part of a larger scheme to commit fraud to the financial benefit of Defendants.  The "examination" performed by Defendant was merely part of Defendant going through the motions required by the Baker Act in order to involuntarily confine Plaintiff and, ultimately, to obtain payment from his insurance carrier.  No legitimate health care provider/patient relationship existed between Plaintiff and Defendant.  Plaintiff does not allege that Defendant made an assessment of Plaintiff and

CIVIL ACTION NO: 3:16cv-00001-TJC-JRK

found that he met the criteria for involuntary placement.  Instead, Plaintiff claims that Defendant did not actually make any assessment of Plaintiff and simply completed the necessary forms to state that he found Plaintiff met the requirements of the Baker Act in order to perpetrate Defendants' fraud scheme.

It is, therefore, Plaintiff's position that he has plead the necessary fraud with sufficient particularity.

In the event the Court disagrees with Plaintiff, Plaintiff requests leave to amend his Amended Complaint.

### VII.  Paragraph 70 should be stricken pursuant to 772.104.

Plaintiff withdraws his request for punitive damages as to his claims for violation of Chapter 772, Florida Statutes.

### CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

Respectfully submitted this 27th day of July, 2016.

  /s/ Justin Seth Drach_____
**Justin Seth Drach, Esq.**
*Trial Counsel for Plaintiff*
Florida Bar No. 103016
Justin Seth Drach, P.A.
5262 Commissioners Drive
Jacksonville, FL 32224
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
justindrach@drachlaw.com

CIVIL ACTION NO: 3:16cv-00001-TJC-JRK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List.

       /s/ Justin Seth Drach_____
       Attorney

## SERVICE LIST

Kevin G. Mercer, Esquire
WICKER SMITH O'HARA MCCOY & FORD, P.A.
50 N. Laura Street
Suite 2700
Jacksonville, Florida 32202
Attorney for Defendant Lepely

Jay Cohen, Esquire
THE LAW OFFICE OF JAY COHEN, P.A.
100 S.E. 3rd Avenue
Suite 1100
Fort Lauderdale, Florida 33394
Attorney for Universal Health Services, Inc.,
Premier Behavioral Solutions, Inc., TBJ Behavioral
Center, LLC, all d/b/a River Point Behavioral
Health, and Roxanne Charboneau

Frederick D. Page, Esq.
HOLLAND & KNIGHT
50 North Laura Street
Suite 3900
Jacksonville, FL 32202
Counsel for Universal Health Services, Inc.,
Premier Behavioral Solutions, Inc., and TBJ
Behavioral Center, LLC, d/b/a River Point
Behavioral Health