**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,
ex rel. LEONARD ANTHONY SETTLES II,
and LEONARD ANTHONY SETTLES II,

Plaintiffs,

v. Case No. 3:16-cv-1-J-32JRK

UNIVERSAL HEALTH SERVICES, INC., et al.,

Defendants.

---

KEITH BYRD,

Plaintiff,

v. Case No. 3:16-cv-878-J-32PDB

UNIVERSAL HEALTH SERVICES, INC., et al.,

Defendants.

---

NILDA ANGELICA SHARP,

Plaintiff,

v. Case No. 3:16-cv-880-J-32MCR

UNIVERSAL HEALTH SERVICES, INC., et al.,

Defendants.

---

MICHELLE HEMBROCK,

Plaintiff,

v. Case No. 3:16-cv-1061-J-32JBT

UNIVERSAL HEALTH SERVICES, INC., et al.,

Defendants.

---

**O R D E R**

## I. BACKGROUND

Plaintiffs Leonard Anthony Settles II,[1] Keith Byrd,[2] Nilda Angelica Sharp,[3] and Michelle Hembrock[4] ("Plaintiffs") were involuntarily confined at River Point[5] a

---

[1] The United States of America and Settles, as a relator, filed a lawsuit in this court against Defendants Universal Health Services, Inc. ("UHS"), Premier Behavioral Solutions, Inc. ("Premier"), TBJ Behavioral Center, LLC ("TBJ"), all d/b/a River Point Behavioral Health ("River Point"), Henry Lepely, M.D. ("Lepely"), Paul Ferris Rashid, M.D. ("Rashid"), Roxanne Charboneau ("Charboneau"), John Does 1-5, and Jane Does 1-5, alleging, inter alia, a claim under the False Claims Act, 31 U.S.C. §§ 3729-32 (Count I). (Doc. 3 ¶¶ 56-68). Settles is a resident of Virginia. The basis for jurisdiction was 31 U.S.C. § 3732(a) (false claims jurisdiction), 28 U.S.C. § 1345 (United States as plaintiff), and 28 U.S.C. § 1331 (federal question). (Id. ¶ 2). After Settles and the United States dismissed Count I without prejudice (Docs. 4, 5), the Court terminated the United States as a party on April 6, 2016 (Doc. 6).

Thereafter, on May 20, 2016, Settles filed an amended complaint alleging three counts: false imprisonment (Count I); deprivation of civil rights under 42 U.S.C. § 1983 (Count II); and violation of the Florida Civil Remedies for Criminal Practices Act, § 772.103, Florida Statutes (Count III). (Doc. 8). The complaint does not specify which Defendants are alleged to have acted in connection with each count. Settles alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) and (4) (civil rights violations). (Id. ¶ 2).

[2] On May 31, 2016, Byrd, a resident of Duval County, Florida at all material times, filed a lawsuit against UHS, Premier, TBJ, all d/b/a River Point, Pradeep Arora, M.D. ("Arora"), John Does 1-5, and Jane Does 1-5 in Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. (Doc. 2). On July 5, 2016, Defendants removed this case pursuant to 28 U.S.C. §§ 1441(a) (removal), 1331 (federal question), and 1446 (procedure for removal). (Doc. 1). Defendants did not state in the Notice of Removal that the Court has diversity jurisdiction, and regardless, the complaint only states that "damages [are] in excess of $15,000," and the citizenship of all parties is not pled. (Doc. 2 ¶¶ 1, 4-11).`

Byrd voluntarily dismissed Arora (Doc. 9), and the Court dismissed him without prejudice as a defendant (Doc. 10). In the complaint, Byrd alleges three counts: false imprisonment (Count I); deprivation of civil rights under 42 U.S.C. § 1983 (Count II); and violation of the Florida Civil Remedies for Criminal Practices Act, § 772.103, Florida Statutes (Count III). (Doc. 2). The complaint does not specify which Defendants are alleged to have acted in connection with each count.

[3] On May 31, 2016, Sharp, a resident of Duval County, Florida at all material times, filed a lawsuit against UHS, Premier, TBJ, all d/b/a River Point, Lepely, John Does 1-5, and Jane Does 1-5 in Circuit Court of the Fourth Judicial Circuit in and for

Duval County, Florida. (Doc. 2). On July 5, 2016, Defendants removed this case pursuant to 28 U.S.C. §§ 1441(a) (removal), 1331 (federal question), and 1446 (procedure for removal). (Doc. 1). Defendants did not state in the Notice of Removal that the Court has diversity jurisdiction, and regardless, the complaint only states that "damages [are] in excess of $15,000," and the citizenship of all parties is not pled. (Doc. 2 ¶¶ 1, 4-11).

In her complaint, Sharp alleges ten counts, including: false imprisonment (Count I); battery against John Doe 1, John Doe 2, and Jane Doe 1 (Count II); assault against John Doe 1, John Doe 2, and Jane Doe 1 (Count III); negligence against John Doe 1, John Doe 2, and Jane Doe 1 (Count IV); intentional infliction of emotional distress against John Doe 1, John Doe 2, and Jane Doe 1 (Count V); vicarious liability against UHS, Premier, TBJ, and River Point ("UHS Defendants") (Count VI); breach of fiduciary duty against UHS Defendants (Count VII); deprivation of civil rights under 42 U.S.C. § 1983 (Count VIII); violation of the Florida Civil Remedies for Criminal Practices Act, § 772.103, Florida Statutes (Count IX); and neglect of a vulnerable adult under § 415.1111, Florida Statutes. (Doc. 2). (If no Defendant is associated with a count, the complaint does not specify which Defendants are alleged to have acted in connection with each count.)

[4] On June 6, 2016, Hembrock, a resident of Duval County, Florida, filed a lawsuit against Baptist Health System, Inc. d/b/a Baptist Medical Center-Downtown ("Baptist"), UHS, Premier, TBJ, all d/b/a River Point, Lepely, Rashid, Charboneau, John Does 1-5, and Jane Does 1-5 in Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. (Doc. 2). On August 19, 2016, Defendants removed this case pursuant to 28 U.S.C. §§ 1441(a) (removal), 1331 (federal question), and 1446 (procedure for removal). (Doc. 1). Defendants did not state in the Notice of Removal that the Court has diversity jurisdiction, and regardless, the complaint only states that "damages [are] in excess of $15,000," and the citizenship of all parties is not pled. (Doc. 2 ¶¶ 1, 4-14). On September 22, 2016, the Court dismissed Rashid without prejudice as a defendant. (Doc. 16).

In her complaint, Hembrock alleges eleven counts (Counts VII-XI are misnumbered in the complaint because Hembrock included two Count VIs), including: battery against John Does 1-3 (Count I); assault against John Does 1-3 (Count II); false imprisonment against John Does 1-3 (Count III); negligence against John Does 1-3 (Count IV); intentional infliction of emotional distress against John Does 1-3 (Count V); vicarious liability against Baptist (Count VI); breach of fiduciary duty against Baptist (Count VII); neglect of a vulnerable adult under § 415.1111, Florida Statutes, against Baptist (Count VIII); false imprisonment against UHS Defendants, Lepely, Rashid, Charboneau, John Does 4-5, and Jane Does 1-5 (Count IX); deprivation of civil rights under 42 U.S.C. § 1983 against UHS Defendants, Lepely, Rashid, Charboneau, John Does 4-5, and Jane Does 1-5) (Count X); and violation of the Florida Civil Remedies for Criminal Practices Act, § 772.103, Florida Statutes, against UHS Defendants, Lepely, Rashid, Charboneau, John Does 4-5, and Jane Does

mental health treatment facility in Jacksonville, Florida, pursuant to the Florida Mental Health Act, Fla. Stat. §§ 394.451-394.47891 (2015) (the "Baker Act"). Plaintiffs allege that River Point is a designated receiving facility under the Baker Act, which permits it to receive and treat involuntary patients. Id. § 394.461. In 2016, Plaintiffs filed four separate cases alleging that Defendants UHS,[6] Premier,[7] TBJ,[8] all d/b/a River Point,[9] Baptist,[10] Lepely,[11] Rashid,[12] Charboneau,[13] John Does 1-5, and Jane Does 1-5 ("Defendants") violated state and federal laws in connection with Plaintiffs' commitment at River Point.[14] Although the facts of their individual cases differ, Plaintiffs each allege that they did not meet the criteria for involuntary confinement

1-5 (Count XI). (Doc. 2).

[5] Plaintiffs allege that Premier, TBJ, and River Point are all d/b/a River Point.

[6] Plaintiffs allege that UHS is a Delaware corporation with its headquarters in King of Prussia, Pennsylvania.

[7] Plaintiffs allege that Premier is a Delaware corporation with its headquarters in King of Prussia, Pennsylvania. It is a subsidiary of UHS.

[8] Plaintiffs allege that TBJ is a Delaware limited liability company with its principal place of business in Jacksonville, Florida. It is a subsidiary of UHS.

[9] Plaintiffs allege that River Point is a residential mental health treatment facility located in Jacksonville, Florida. It is a subsidiary of UHS.

[10] Hembrock alleges that Baptist is a Florida corporation with its principal place of business in Florida.

[11] Plaintiffs allege that Lepely was employed by or an agent of UHS in the capacity of a physician at River Point. They do not allege his residency or citizenship.

[12] Plaintiffs allege that Rashid was employed by or an agent of UHS in the capacity of a physician at River Point. They do not allege his residency or citizenship.

[13] Plaintiffs allege that Charboneau was employed by or an agent of UHS at River Point in the capacity of a registered mental health intern. They do not allege her residency or citizenship.

[14] Not every defendant is named in every case; this list represents all defendants named in the four cases.

under the Baker Act, as they were not dangerous to themselves or others and had not been charged with a crime during their involuntary confinement. Further, they allege that their confinement stemmed from a fraudulent scheme concocted by Defendants to submit false claims to insurers for reimbursement of medically unnecessary services.

These cases are now before the Court on Defendants' motions to dismiss, to which Plaintiffs have responded.[15]

## II. STANDARD OF REVIEW

Federal notice pleading requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted).

[15] In Settles, Lepely (Doc. 13), UHS, Premier, TBJ, all d/b/a River Point, and Charboneau (Doc. 18), and Rashid (Doc. 23) filed motions to dismiss, to which Settles responded (Docs. 19, 20, 25).

In Byrd, UHS, Premier, TBJ, all d/b/a River Point filed a motion to dismiss and/or strike (Doc. 7), to which Byrd responded (Doc. 11).

In Sharp, Lepely (Doc. 6) and UHS, Premier, TBJ, all d/b/a River Point (Doc. 7) filed motions to dismiss, to which Sharp responded (Docs. 8, 9).

In Hembrock, Lepely (Doc. 4), UHS, Premier, TBJ, all d/b/a River Point, and Charboneau (Doc. 5) filed motions to dismiss, to which Hembrock responded (Docs. 10, 11).

Though the court assumes the factual allegations in the complaint are true in evaluating a motion to dismiss, it disregards all legal conclusions drawn from the facts, conclusory allegations, and unwarranted deductions of fact. Burroughs v. Broadspire, 323 F. App'x 730, 731 (11th Cir. 2009) (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005)).

## III. FEDERAL CLAIMS

While Plaintiffs have alleged multiple counts in the four complaints, the Court begins with the claim for deprivation of civil rights under § 1983, the only federal claim in each of the cases. "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156-57 (1978)). Plaintiffs allege that Defendants acted under color of state law—specifically, the Baker Act—and that they were deprived of their Fourth and Fourteenth Amendment rights to liberty, freedom from unlawful searches and seizures, and due process of law.

Taking the factual allegations in the complaints as true, as the Court must in reviewing a motion to dismiss, the Court finds that Plaintiffs have sufficiently alleged a violation of their constitutional rights because, as the Eleventh Circuit has found, involuntary commitment implicates the liberty interest protected by the Fourteenth Amendment's due process clause. See id. However, the Court must address the equally vital question of whether Defendants acted under color of state law or whether their

actions are "fairly attributable to the state." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

"Merely acting pursuant to a statute does not make one's conduct 'under color of state law.'" Foshee v. Health Mgmt. Associates, 675 So. 2d 957, 959 (Fla. Dist. Ct. App. 1996) (affirming circuit court's dismissal of a count which failed to properly plead a § 1983 cause of action because defendants were not state actors). In considering whether a plaintiff could maintain an action against a private psychiatric facility, nurse, and psychiatrist for deprivation of her rights while acting pursuant to the Baker Act, the Foshee court concluded that the defendants were not state actors subject to suit under § 1983. Id. at 959-60. The court noted that rights secured by the Constitution are protected only against infringement by governments, and the deprivation of rights must be fairly attributable to the state. Id. at 960. Without such limits, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Id. (quoting Lugar, 457 U.S. at 939); see also Harvey, 949 F.2d at 1132 (holding private hospital and private physicians acting pursuant to Georgia commitment statute were not state actors under § 1983 and stating that "[t]o hold otherwise would expose private hospitals and private physicians to section 1983 liability whenever they act pursuant to the Georgia commitment statutes, despite the fact that their actions ultimately reflect medical judgments . . . that are not established by the state").

According to the allegations in Plaintiffs' complaints, Defendants are either corporate entities or employees or agents thereof. Plaintiffs allege that Universal "is

one of the largest owners of mental health facilities in the United States." (See e.g., Sharp, Doc. 2 ¶ 15). Specifically, Plaintiffs allege that Universal and Premier are Delaware corporations, and TBJ is a Delaware limited liability company. (Id. ¶¶ 5-7). Premier, TBJ, and River Point are allegedly subsidiaries of UHS and do business as River Point. (Id. ¶ 9). Hembrock, the only plaintiff to name Baptist as a defendant, alleges that it is a Florida corporation. (See Hembrock, Doc. 2 ¶ 5). The individual defendants are allegedly employees or agents of these businesses.

Other than reincorporating previous allegations, the allegations in the § 1983 counts do not state any facts demonstrating that Defendants are state actors, nor do Plaintiffs allege that River Point is a state hospital. To the contrary, Plaintiffs have only alleged facts demonstrating that Defendants are private institutions and their employees or agents.[16] Moreover, in their responses, Plaintiffs fail to substantively respond to Defendants' arguments or address the case law cited in Defendants' briefs. They merely reiterate that "Defendants were acting under color of state law, specifically the Baker Act" and offer no legal authority to support this conclusory allegation. (See e.g., Byrd, Doc. 11 at 9). Although they request leave to amend the

[16] Similarly, in Foshee, the appellees were also private business entities and healthcare professionals: Health Management Associates, Inc. of Delaware; Orlando HMA, Inc., d/b/a Orlando Health Management Associates, Inc., d/b/a University Behavioral Center; Florence M. Lally, R.N.; Ramon O. Martinez, M.D., d/b/a Central Florida Psychiatric Associates, P.A.; and Edward Cabrera, M.D., d/b/a Orlando Family Medicine Associates, P.A. See Foshee, 675 So. 2d at 958, 960.

The Eleventh Circuit also found the appellees in Harvey to be private actors: Charter-by-the-Sea, Inc., a private hospital; Joseph H. Harvey, Jr., a private citizen; Dr. Conway Hunter, Jr. and Dr. Mark F. Friedman, private physicians unaffiliated with a state institution; and William S. Perry, a private citizen. See Harvey, 949 F.2d at 1128, 1134.

complaint if the Court determines the claim is due to be dismissed, they provide no explanation as to what facts they would include in an amended complaint which would demonstrate that Defendants are state actors. Therefore, the Court finds that further amendment on this point would be futile. Simply because one acts pursuant to, or even under the authority of, a statute does not make one a state actor, and as a result, § 1983 offers no relief here. Thus, Defendants' motions to dismiss Plaintiffs' § 1983 claims are due to be granted.

## IV. STATE LAW CLAIMS

Having dismissed the only grounds for federal subject matter jurisdiction in all four cases, the Court turns to the issues of whether: (1) it should exercise supplemental jurisdiction over the state law claims in Settles; and (2) remand is appropriate in Byrd, Sharp, and Hembrock, the three cases which were removed from state court.

### A. Supplemental Jurisdiction in Settles

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. Only two claims remain in Settles, both of which arise under state law: false imprisonment and a violation of Fla. Stat. § 772.103. (Doc. 8). Because this case is in its very early stages, and it is preferable for Florida courts to make rulings on issues of Florida law, the Court declines to exercise supplemental jurisdiction over Settles's state law claims. See Carr v. Tatangelo, 156 F. Supp. 2d 1369, 1380 (M.D. Ga. 2001), aff'd, 338 F.3d 1259 (11th Cir. 2003), as amended (Sept. 29, 2003) ("According to the Supreme Court, 'When the balance of [judicial economy, convenience, fairness, and comity] indicates that a case properly belongs in state court,

as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court *should* decline the exercise of jurisdiction by dismissing the case without prejudice.'") (emphasis in original) (citing Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

**B. Remand in Byrd, Sharp, and Hembrock**

Next, in deciding whether remand is appropriate, the Court must determine whether purely state law claims remain and if so, weigh the Carnegie–Mellon factors to determine whether remand is "judicious at this stage of the proceedings." Lake Cty. v. NRG/Recovery Grp., Inc., 144 F. Supp. 2d 1316, 1320 (M.D. Fla. 2001) (remand to state court was appropriate where plaintiff's amended complaint did not include any federal claims). Here, all remaining counts in the three complaints contain allegations concerning state common law claims and Florida statutory violations, see supra n.2-4, all of which will be resolved exclusively under Florida law; thus, no federal question is present.

Even though the Court concludes that only state law claims remain in the cases, the Court must weigh and consider the factors of "economy, convenience, fairness, and comity" in determining whether the Court should exercise its discretion to remand the cases. Carnegie–Mellon, 484 U.S. at 350. Because these cases are in their very early stages, economy and convenience weigh in favor of remand. Defendants have not yet answered the complaints because they filed motions to dismiss. Further, it is reasonable to assume discovery is also in its early stages. The Court has not yet expended a significant amount of judicial labor and time at this point and remand would not require the state court to duplicate its efforts. Next, principles of comity

weigh in favor of remanding these cases, for the remaining counts require the court to interpret state common law claims and Florida statutes, which are best suited for determination by a state court. Finally, principles of fairness support remand. These cases do not involve the forum shopping concerns implicated in Carnegie–Mellon, where federal claims were eliminated late in a case to secure a state court judge to try a case after the federal court expended significant resources. Moreover, remand to state court effectuates Byrd, Sharp, and Hembrock's original choice of a state forum.

Having weighed the economy, convenience, comity, and fairness of remand, the Court declines to exercise supplemental jurisdiction over Byrd, Sharp, and Hembrock's state law claims and will remand these cases to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

Accordingly, it is hereby

**ORDERED:**

1. In Settles, Case No. 3:16-cv-1-J-32JRK,

a. The following motions are **GRANTED** as to Count II (deprivation of civil rights under 42 U.S.C. § 1983) (Doc. 8), which is **DISMISSED with prejudice**:

i. Defendant Henry Lepely, M.D.'s Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement and Incorporated Motion to Strike (Doc. 13);

ii. Defendants Universal Health Services, Premier Behavioral Solutions, Inc., TBJ Behavioral Center, LLC, all d/b/a River Point Behavioral Health,

and Roxanne Charboneau's Motion to Dismiss the Amended Complaint and/or Motion to Strike (Doc. 18); and

iii. Defendant Paul Ferris Rashid, M.D.'s Motion to Dismiss Plaintiff's Complaint (Doc. 23).

b. Because Court declines to exercise supplemental jurisdiction, Settles's state law claims are **DISMISSED without prejudice**.

2. In Byrd, Case No. 3:16-cv-878-J-32PDB,

a. Defendants Universal Health Services, Inc., Premier Behavioral Solutions, Inc., TBJ Behavioral Center, LLC, all d/b/a River Point Behavioral Health's Motion to Dismiss the Complaint and/or Motion to Strike (Doc. 7) is **GRANTED** as to Count II (deprivation of civil rights under 42 U.S.C. § 1983) (Doc. 2), which is **DISMISSED with prejudice**.

b. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and the motion to dismiss as to the state law claims is carried with the case.

3. In Sharp, Case No. 3:16-cv-880-J-32MCR,

a. The following motions are **GRANTED** as to Count VIII (deprivation of civil rights under 42 U.S.C. § 1983) (Doc. 2), which is **DISMISSED with prejudice**:

i. Defendant Henry Lepely, M.D.'s Amended Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement and Incorporated Motion to Strike (Doc. 6); and

ii. Defendants Universal Health Services, Inc., Premier Behavioral Solutions, Inc., TBJ Behavioral Center, LLC, all d/b/a River Point Behavioral Health's Motion to Dismiss (Doc. 7).

b. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and the motions to dismiss as to the state law claims are carried with the case.

4. In Hembrock, Case No. 3:16-cv-1061-J-32JBT,

a. The following motions are **GRANTED** as to Count IX (misnumbered, actually is Count X) (deprivation of civil rights under 42 U.S.C. § 1983) (Doc. 2), which is **DISMISSED with prejudice**:

i. Defendant Henry Lepely, M.D.'s Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement and Incorporated Motion to Strike (Doc. 4); and

ii. Defendants Universal Health Services, Inc., Premier Behavioral Solutions, Inc., TBJ Behavioral Center, LLC, all d/b/a River Point Behavioral Health, and Roxanne Charboneau's Motion to Dismiss the Complaint and/or Motion to Strike (Doc. 5).

b. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and the motions to dismiss as to the state law claims are carried with the case.

5. The hearing on all pending motions set for October 21, 2016 at 10:00 A.M. is **CANCELLED**.

6. The Clerk shall close the file in Settles. After remand has been effected in Byrd, Sharp, and Hembrock, the Clerk shall close those files.

**DONE AND ORDERED** in Jacksonville, Florida the 4th day of October, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

Clerk of Court for the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida